Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*VIRAL DRM LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| VIRAL DRM LLC, | CASE NO.: 3:23-cv-06598-JSC |
|---|---|
| Plaintiff, | **MOTION FOR FINAL DEFAULT AND MEMORANDUM OF LAW IN SUPPORT** |
| v. | |
| | The Honorable Jacqueline Scott Corley |
| JUDITH LIDUVINA ALFARO NAVEZ, | |
| Defendant. | Date: October 24, 2024<br>Time:  10:00 a.m. PT<br>Courtroom: 8 – 19th Floor |

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

## TABLE OF CONTENTS

I.    INTRODUCTION AND PROCEDURAL HISTORY ........................................ 1

II.   RELEVANT FACTS ................................................................................ 1

III.  MEMORANDUM OF LAW ...................................................................... 3

   A.    VIRAL DRM HAS SATISFIED THE REQUIREMENTS FOR DEFAULT
JUDGMENT ............................................................................................ 3

     1.    Navez Was Properly Served with Process. ................................... 4

     2.    The Court Has Jurisdiction Over the Claims and Parties. ................ 4

   B.    THE *EITEL* FACTORS FAVOR ENTRY OF DEFAULT JUDGMENT AGAINST
NAVEZ. ................................................................................................. 7

     1.    Viral DRM Would be Prejudiced if its Motion for Default Judgment Were Denied.
.......................................................................................... 7

     2.    Viral DRM's Copyright Infringement Claim is Meritorious and Sufficiently Pled in
the Complaint. ........................................................................ 7

     3.    The Sum of Money at Stake Favors Default. ................................ 8

     4.    There is Little Possibility of a Dispute Concerning Material Facts. ...... 9

     5.    Navez's Neglect in Defaulting is Not Excusable. .......................... 10

     6.    Resolution on the Merits is Not Possible. .................................. 10

   C.    VIRAL DRM IS ENTITLED TO AN AWARD OF MONETARY DAMAGES. ....... 11

     1.    Statutory Damages ................................................................ 11

     2.    Viral DRM is Entitled to an Award of Statutory Damages Pursuant to 17 U.S.C. §
1203 .................................................................................... 13

     3.    Viral DRM is Entitled to an Award of Costs and Fees for Defendant
Misrepresentations ................................................................ 13

   D.    VIRAL DRM IS ENTITLED TO PRE AND POST-JUDGMENT INTEREST ........ 14

   E.    VIRAL DRM IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF. .............. 15

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

**IV.   CONCLUSION** ................................................................................................................ 16

# TABLE OF AUTHORITIES

**CASES**                                                                                                       **PAGE(S)**

*Aldabe v. Aldabe,*
    616 F.2d 1089 (9th Cir. 1980) ............................................................................... 7

*Amini Innovation Corp. v. KTY Int'l Mktg.,*
    768 F. Supp. 2d 1049 (C.D. Cal. 2011) .................................................................. 9

*Apple Comput., Inc. v. Franklin Comput. Corp.,*
    714 F.2d 1240 (3d Cir. 1983) ............................................................................... 16

*Aries Music Ent., Inc. v. Angelica's Record Distribs.,*
    506 F. App'x 550 (9th Cir. 2013) ......................................................................... 12

*Autodesk, Inc. v. Flores,*
    2011 WL 337836 (N.D. Cal. Jan. 31, 2011) ........................................... 12, 14, 15, 16

*Barboza v. New Form, Inc.  (In re Barboza),*
    545 F.3d 702 (9th Cir. 2008) ............................................................................... 11

*Blizzard Ent., Inc. v. Reeves,*
    2010 U.S. Dist. LEXIS 85560 (C.D. Cal. Aug. 10, 2010) ....................................... 9

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ............................................................................................. 6

*Cadence Design Sys. v. Avant! Corp.,*
    125 F.3d 824 (9th Cir. 1997) ............................................................................... 15

*Cleo D. Mathis & Vico Prods. Mfg. Co. v. Spears ,*
    857 F.2d 749 (Fed. Cir. 1988) ............................................................................. 15

*Craigslist, Inc. v. Naturemarket, Inc.,*
    694 F. Supp. 2d 1039 (N.D. Cal. 2010) ................................................................. 8

*Curtis v. Shinsachi Pharm., Inc.,*
    45 F. Supp. 3d 1190 (C.D. Cal. 2014) .................................................................... 5

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,*
    840 F.2d 685 (9th Cir. 1988) ................................................................................. 4

*eBay Inc. v. MercExchange, L.L.C.,*
    547 U.S. 388 (2006) ........................................................................................... 15

*Eitel v. McCool,*
    782 F.2d 1470 (9th Cir. 1986) ............................................................................... 7

*Elektra Ent. Grp., Inc. v. Crawford,*
    226 F.R.D. 388 (C.D. Cal. 2005) ........................................................................... 9

*Facebook, Inc. v. Wallace,*
    2009 U.S. Dist. LEXIS 107771 (N.D. Cal. Oct. 29, 2009) ..................................... 9

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) .......................................................................................... 8

*Harrington v. Equity Asset & Prop. Mgmt.* ,
  2020 U.S. Dist. LEXIS 6105 (S.D. Cal. Jan. 13, 2020) ............................................ 12

*In re Tuli*,
  172 F.3d 707 (9th Cir. 1999) ......................................................................... 3, 4

*Int'l Shoe Co. v. Wash.*,
  326 U.S. 310 (1945) .......................................................................................... 6

*IO Grp., Inc. v. Antelope Media, L.L.C.*,
  2010 U.S. Dist. LEXIS 61736 (N.D. Cal. May 28, 2010) ................................... 9, 16

*IO Grp., Inc. v. Jordon*,
  708 F. Supp. 2d 989 (N.D. Cal. 2010) ................................................................. 9

*J. McIntyre Mach., Ltd. v. Nicastro*,
  564 U.S. 873 (2011) .......................................................................................... 6

*Landstar Ranger, Inc. v. Parth Enters., Inc.*,
  725 F. Supp. 2d 916 (C.D. Cal. 2010) ............................................................... 10

*Lenz v. Universal Music Corp.*,
  815 F.3d 1145 (9th Cir. 2016) ......................................................................... 13

*Leonard v. Stemtech Int'l, Inc.*,
  834 F.3d 376 (3d Cir. 2016) ............................................................................ 12

*Live Face on Web, L.L.C. v. AZ Metroway, Inc.*,
  2016 U.S. Dist. LEXIS 108713 (C.D. Cal. Aug. 15, 2016) ...................................... 8

*MAI Sys. Corp. v. Peak Comput., Inc.*,
  991 F.2d 511 (9th Cir. 1993) ........................................................................... 16

*Myeress v. USA World Bus. Serv.*,
  2017 U.S. Dist. LEXIS 36489 (N.D. Cal. Mar. 3, 2017) ......................................... 9

*Nat'l Photo Grp., L.L.C. v. Pier Corp.*,
  2014 U.S. Dist. LEXIS 195663 (C.D. Cal. Mar. 10, 2014) ...................................... 9

*Oracle USA, Inc. v. Rimini St., Inc.*,
  879 F.3d 948 (9th Cir. 2018) ........................................................................... 14

*PepsiCo, Inc. v. Cal. Sec. Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) ............................................................... 7

*Polar Bear Prods. v. Timex Corp.*,
  384 F.3d 700 (9th Cir. 2004) ........................................................................... 14

*Shaffer v. Heitner*,
  433 U.S. 186 (1977) .......................................................................................... 6

*Shaw v. Lindheim*,
  919 F.2d 1353 (9th Cir. 1990) ........................................................................... 8

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

*TeleVideo Sys., Inc. v. Heidenthal*,
    826 F.2d 915 (9th Cir. 1987) .......................................................................... 5, 8

*Twentieth Century Fox Film Corp. v. Streeter*,
    438 F. Supp. 2d 1065 (D. Ariz. 2006) ................................................................. 8

*Vogel v. Rite Aid Corp.*,
    992 F. Supp. 2d 998 (C.D. Cal. 2014) ................................................................. 3

*Warner Bros. Ent., Inc. v. Caridi*,
    346 F. Supp. 2d 1068 (C.D. Cal. 2004) ..................................................... 8, 10, 12

*Wecosign, Inc. v. IFG Holdings, Inc.*,
    845 F. Supp. 2d 1072 (C.D. Cal. 2012) ............................................................... 9

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ......................................................................................... 6

*YS Park Prof'l, Inc. v. Saco Store*,
    2018 U.S. Dist. LEXIS 49717 (C.D. Cal. Mar. 23, 2018) ...................................... 4

## STATUTES

17 U.S.C. § 106 ....................................................................................................... 1

17 U.S.C. § 410.10 .................................................................................................. 6

17 U.S.C. § 501 .................................................................................................... 3, 4

17 U.S.C. § 502 ..................................................................................................... 15

17 U.S.C. § 504 ............................................................................................... *passim*

17 U.S.C. § 512 ............................................................................................... *passim*

17 U.S.C. § 1202 ................................................................................................ 1, 13

17 U.S.C. § 1203 .......................................................................................... 1, 13, 16

28 U.S.C. § 1338 ..................................................................................................... 5

28 U.S.C. § 1961 ............................................................................................... 14, 15

## RULES

Fed. R. Civ. P. 4 ................................................................................................... 4, 6

Fed. R. Civ. P. 55 ............................................................................................... 3, 10

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

## I.     INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff VIRAL DRM LLC ("Viral DRM") initiated this action against Defendant JUDITH LIDUVINA ALFARO NAVEZ ("Navez" or "Defendant") for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, publicly perform, and distribute Viral DRM's original copyrighted works of authorship; for misrepresentation under 17 U.S.C. § 512(f) for Defendant's counternotification referred to herein that is misleading and false; and for removal or alteration of copyright management information in violation of 17 U.S.C. § 1202. Navez is in default. Viral DRM has met the requirements for default judgment. Based on the Declaration of BRANDON CLEMENT filed on behalf of Viral DRM ("Clement Decl.") and the Declaration of Matthew Rollin ("Rollin Decl."), filed concurrently herewith, Viral DRM seeks entry of default judgment for its claims of copyright infringement, misrepresentation, and falsification of copyright management information against Navez, an award of damages pursuant to 17 U.S.C. §§ 504, 512(f) and 1203.

On May 14, 2024, Viral DRM filed an Amended Complaint against Navez. (ECF 28). On June 24, 2024, this Court granted Viral DRM's motion for alternative service of process on Defendant JUDITH LIDUVINA ALFARO NAVEZ. (ECF 38).

Pursuant to that order, on July 1, 2024, Viral DRM served the summons, Amended Complaint and Order granting the Motion for Alternative Service to Navez via the email addresses provided by Defendant and Google. The email included a direct link to the www.sriplaw.com/notice website where all documents associated with this matter are available for Navez to access and download. (ECF 40). Additionally, on July 1, 2024, Viral DRM sent Navez a WhatsApp message, via the phone number provided by Navez and/or Google. The message contained a direct link to the www.sriplaw.com/notice website where all documents associated with this matter are available for Navez to access and download. (ECF 40). On August 8, 2024, this Court entered default against Navez at ECF No. 42. Viral DRM now moves for a Final Judgment of Default.

## II.     RELEVANT FACTS

Viral DRM is an Alabama limited liability company that helps clients protect the copyright to video content, especially content depicting extreme weather events. Viral DRM is a syndicator of

award-winning videographic content created by talented videographers who travel around the globe in pursuit of Mother Nature's wrath. Viral DRM's videographers and photographers cover weather extremes from tornadoes, hurricanes, flooding, blizzards, volcanoes and climate change impacts. Viral DRM's videos of extreme weather events are frequently copied, downloaded, and reuploaded by infringers. The plaintiff is a popular and frequent source of footage of weather events that cannot be obtained elsewhere. This in turn makes Viral DRM a frequent target for infringers and pirates. (ECF 28 ¶ 14-15, 17).

Brandon Clement and Reed Timmer created the Works at issue in this case, which are referred to herein as the "Works." (ECF 28 ¶ 44). Navez is the operator of the "Hugitoo" channel listed on Exhibit 1 to the declaration of Brandon Clement. As Mr. Clement attested to in his declaration, this defendant copied Viral DRM's original works of authorship created by the authors/creators who exclusively licensed to Viral DRM their works for distribution and syndication pursuant to written agreements that provide Viral DRM with the necessary rights to sue for the infringements at issue in this case. (ECF 28 ¶¶ 31, 43, 47).

As with the works already at issue in this case, many of the works discovered recently contained watermarks and embedded metadata copyright management information identifying them as the property of WXchasing, Viral DRM or the video's creators. At all relevant times, plaintiff was the exclusive licensee of the Works at issue in this case. (ECF 28 ¶ 43). Below is a table of table of the copyright registrations at issue in this case:

| Hugitoo | JUDITH LIDUVINA ALFARO NAVEZ | PA 2-292-814 |
|---------|------------------------------|--------------|

On a date after the Works were created, but prior to the filing of the initial action, Navez copied the Works outlined in Exhibit 1 to Clement Decl. (Clement Decl. ¶ 21; Ex. 1). Navez copied plaintiff's Works in order to advertise, market and promote her YouTube channel, grow her YouTube channel's subscriber base, earn money from advertising to her YouTube subscribers, and engage in other money-making business activities using plaintiff's copyrighted media content. (ECF 28 ¶ 33).

Viral DRM never licensed Navez to use the Works at issue in this action for any purpose, nor did Viral DRM ever give Navez the authority to copy, distribute or display the Works at issue in this case. (ECF 28 ¶ 45; Clement Decl. ¶ 31).

As a result of Navez's infringement, the Works have lost significant value. The Works are now less scarce and less exclusive. (Clement Decl. ¶ 15). Viral DRM now moves for entry of a Final Judgment of Default and seeks the maximum damages allowable, as defined in and pursuant to 17 U.S.C. § 504.

## III.    MEMORANDUM OF LAW

### A.    VIRAL DRM HAS SATISFIED THE REQUIREMENTS FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b) allows the Court to enter a default judgment where the defaulting party has "failed to plead or otherwise defend," and the clerk has entered the party's default. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1005 (C.D. Cal. 2014). "Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party." *Id*. Here, there is proper notice and jurisdiction. Viral DRM's factual allegations establish that Navez infringed Viral DRM's copyright in the copyrighted Works in violation of 17 U.S.C. § 501.

Additionally, when considering a motion for default judgment, a district court must ensure it has jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). For the reasons discussed below, it is appropriate for the Court to grant final default judgment against Navez.

Viral DRM complied with the first step laid out in Fed. R. Civ. P. 55. February 7, 2024, Viral DRM filed an Amended Complaint against Navez. (ECF 28). Navez failed to appear or otherwise respond to the Amended Complaint within the time prescribed by the Federal Rules of Civil Procedure. (ECF 41). On this basis, the Court entered a Default against Navez on August 8, 2024. (ECF 42). Viral DRM now seeks a Final Judgment of Default.

1.     **Navez Was Properly Served with Process.**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Thus, the Court must "assess the adequacy of the service of process on the party against whom default is requested." *YS Park Prof'l, Inc. v. Saco Store*, 2018 U.S. Dist. LEXIS 49717, at *5 (C.D. Cal. Mar. 23, 2018) (internal citation and quotations marks omitted).

The Federal Rules of Civil Procedure 4(f) permits service of individuals in a foreign country. Navez is a foreign citizen. On June 24, 2024, this Court granted Viral DRM's motion for alternative service of process on Defendant JUDITH LIDUVINA ALFARO NAVEZ, pursuant to Fed. R. Civ. P. Rule 4(f)(3). (ECF 38). The Court ordered Viral DRM to serve Navez via e-mail, through the email addresses for each defendant provided by Google and YouTube, and by publicly posting the summonses, complaint, and all filings on Plaintiff's designated website.

Pursuant to that order, on July 1, 2024, Viral DRM served the summons, Amended Complaint and Order granting the Motion for Alternative Service to Navez via the email addresses provided by Defendant and Google. The email included a direct link to the www.sriplaw.com/notice website where all documents associated with this matter are available for Navez to access and download. (ECF 40). Additionally, on July 1, 2024, Viral DRM sent Navez a WhatsApp message, via the phone number provided by Navez and/or Google. The message contained a direct link to the www.sriplaw.com/notice website where all documents associated with this matter are available for Navez to access and download. (ECF 40). Thus, service of process on Navez was proper.

2.     **The Court Has Jurisdiction Over the Claims and Parties.**

In a motion for default judgment, the Court must determine whether it may properly exercise both subject matter jurisdiction and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

This Court has subject matter jurisdiction because Viral DRM's claim against Navez is liable for copyright infringement under 17 U.S.C. § 501. Federal courts have exclusive jurisdiction over actions that arise under the federal copyright laws. *See*  28 U.S.C. §§

1331, 1338(a). Thus, this Court may exercise subject matter jurisdiction over this suit.

Regarding the Court's personal jurisdiction over Navez, the Court must assess Navez's contacts with California using a conventional jurisdictional analysis. However, in performing this analysis, the Court must accept as true Viral DRM's allegations regarding jurisdiction, including Navez's location and Navez's purposeful direction of misconduct at California residents. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also, e.g., Curtis v. Shinsachi Pharm. Inc.*, 45 F. Supp. 3d 1190, 1197–98 (C.D. Cal. 2014) (finding personal jurisdiction based on plaintiff's allegations).

Here, jurisdiction is proper in California because Defendant is transacting business within California by using the YouTube platform that Google operates from within California to (a) commit acts of infringement, (b) profit from acts of infringement, (c) commit CMI violation, (d) profit from CMI violation, (e) submit false and bad faith put-back requests in violation of 17 U.S.C. § 512, and (f) profit from continued receipt of advertising revenue from videos restored by YouTube in response to Defendant's' false put-back requests.

Jurisdiction is proper in California because Defendant committed tortious acts within California on the YouTube platform that Google operates in California. Defendant: (a) committed acts of infringement alleged below in California on the YouTube platform, (b) committed CMI falsification and removal violations alleged below in California on the YouTube platform, and (c) submitted a false and bad faith put-back request alleged below in violation of 17 U.S.C. § 512 in California on the YouTube platform.

Jurisdiction is proper in California because Defendant caused Viral DRM to suffer a tortious injury in this state caused by an act or omission outside this state. The acts or omissions that the Defendant committed outside the state consisted of: (a) downloading Viral DRM's copyrighted videos, (b) copying Viral DRM's copyrighted videos, (c) editing and creating derivative works of Viral DRM's copyrighted videos, and (d) removing and falsifying Viral DRM's copyright management information. All these acts caused Viral DRM to suffer tortious injury in California because after committing these acts, Defendant then uploaded the infringing videos to YouTube and displayed/performed the infringing videos on the YouTube platform with false CMI or with CMI

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

removed. Thereafter, when Viral DRM submitted a DMCA notice to YouTube, Defendant responded by submitting a false and bad faith put-back request in violation of 17 U.S.C. § 512. Following the commission of these tortious acts, Defendant then profited from its acts by receiving advertising revenue from infringing videos, and damaged Viral DRM by depriving Viral DRM of the revenue that rightfully belonged to Viral DRM and not Defendant.

Jurisdiction is also proper in this district court pursuant to 17 U.S.C. § 512(g)(3)(D) because Defendant consented to the jurisdiction of this federal district court when it provided the counternotification, because the service provider provided with the counternotification can be found in this judicial district, namely YouTube.

Navez is subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

For this Court to have personal jurisdiction over Navez, Navez must have certain minimum contacts with California such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See* C.C.P. § 410.10; *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). The defendant's contacts with the forum state must be such that the defendant should "reasonably anticipate being hailed into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Additionally, citizenship and domicile in the forum state is a traditional basis of personal jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011).

Navez has sufficient minimum contacts with the state of California, as there is a direct connection between the Defendant's tortious acts and the state of California, and the exercise of personal jurisdiction over the Defendant complies with the Due Process Clause of the United States Constitution.

MEMORANDUM IN SUPPORT OF MOTION FOR FINAL DEFAULT                    CASE NO.: 3:23-CV-06598-JSC

**B.    THE *EITEL* FACTORS FAVOR ENTRY OF DEFAULT JUDGMENT AGAINST NAVEZ.**

The Court may grant default judgment in its discretion. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may consider various factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). As described below, the *Eitel* factors weigh heavily in favor of ordering a default judgment against Navez.

**1.    Viral DRM Would be Prejudiced if its Motion for Default Judgment Were Denied.**

Viral DRM pursued its case and diligently attempted to serve notice of this pending litigation on Navez. Allowing Navez to escape liability, to blatantly ignore the judicial process, would prejudice the lawful copyright owner, Viral DRM. *See PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (stating that if the plaintiff's motion for default judgment was not granted, plaintiff would be "without other recourse for recovery").

Further, Viral DRM already incurred expenses in its attempt to serve Navez as well as attorneys' fees in taking the necessary procedural steps to obtain a default judgment. Without an entry of default judgment against Navez, Viral DRM would be prejudiced and without other recourse for recovery. Therefore, this factor favors default judgment against Navez.

**2.    Viral DRM's Copyright Infringement Claim is Meritorious and Sufficiently Pled in the Complaint.**

When default is entered the allegations in a plaintiff's complaint are deemed true and thus the courts consider the second and third factors (merits and sufficiency) together. *See PepsiCo, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Viral DRM's allegations are deemed true and its claim of copyright infringement has merit because default was entered against

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

Navez; therefore, Viral DRM's Amended Complaint is also sufficient to support the entry of default judgment.

For purposes of default judgment, all factual allegations, except those pertaining to damages, are deemed admitted. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987). To properly allege a copyright infringement claim, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Twentieth Century Fox Film Corp. v. Streeter,* 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 361 (1991)); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (finding a complaint sufficient for the purposes of default judgment in a copyright infringement action where the plaintiff "alleged both ownership of a valid copyright and copying of constituent elements by (defendant)"). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

Taking Viral DRM's allegations as true, Viral DRM owns the exclusive rights to pursue litigation for infringements at issue in this case. Attached to the Declaration of Brandon Clement is a list showing the copyright registration at issue in this case. (Clement Decl. ¶¶ 8; 20; Ex. 1). Further, the Amended Complaint presents direct evidence of Navez's violations of Viral DRM's exclusive right to reproduce, display, and distribute the copyrighted Works by, without Viral DRM's permission, copying, reproducing, distributing, and publicly displaying the copyrighted Works. (ECF 28 ¶ 59). Viral DRM satisfies the second and third *Eitel* factors because the Amended Complaint contains all necessary factual allegations for a copyright infringement claim and because such allegations must be taken as true now that Navez is in default.

### 3.    The Sum of Money at Stake Favors Default.

The fourth *Eitel* factor examines the amount of money at stake in relation to the seriousness of a defendant's conduct. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). "Actual damages (are) acceptable (where there are) no disputed material facts and acceptable proof support(s) the award amount." *Live Face on Web, LLC v. AZ Metroway, Inc.*, No.

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

5:15-cv-01701-CAS(KKx), 2016 U.S. Dist. LEXIS 108713, at *9 (C.D. Cal. Aug. 15, 2016). "A district court has wide discretion in determining the amount of statutory damages to be awarded and should consider what is just in the particular case in light of the nature of the copyright, the circumstances of the infringement, and other relevant circumstances." *IO Grp., Inc. v. Jordon*, 708 F. Supp. 2d 989, 1002 (N.D. Cal. 2010).

Viral DRM is seeking, a statutory damages award of $177,750.00. (*See* ECF 28 ¶ 74, 90). *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1056 (C.D. Cal. 2011). Viral DRM's damages are substantial to its business and reasonable in light of Navez's egregious, willful misconduct and the damages awarded for default judgment in other cases. *See*, *e.g. Facebook*, *Inc. v. Wallace*, 2009 U.S. Dist. LEXIS 107771, at *8-9 (N.D.Cal. Oct. 29, 2009) (awarding default judgment damages of $711,237,650 for violation of CAN-SPAM Act); *see also Blizzard Entm't, Inc. v. Reeves*, No. 09-cv-7621, 2010 U.S. Dist. LEXIS 85560, at *10 (C.D. Cal. Aug. 10, 2010) (awarding $85,478,600 in statutory damages under Copyright Act); *see also IO Group, Inc. v. Antelope Media, LLC*, 2010 U.S. Dist. LEXIS 61736, at *5 (N.D. Cal. May 28, 2010) (awarding $1,350,000 in statutory damages under Copyright Act); *see also Myeress v. USA World Bus. Serv.*, 2017 U.S. Dist. LEXIS 36489 *10-11 (N.D. Cal. March 3, 2017) (awarding $40,000 in statutory damages under Copyright Act for infringement of a photograph); *see also Nat'l Photo Grp., LLC v. Pier Corp.*, 2014 U.S. Dist. LEXIS 195663, at * 8 (C.D. Cal. March 10, 2014) (awarding a photographer a four times license fee multiplier for statutory damages). Therefore, the sum of money at stake favors entry of default judgment.

### 4.      There is Little Possibility of a Dispute Concerning Material Facts.

The fifth *Eitel* factor examines the likelihood of a dispute between the parties regarding the material facts surrounding the case. *See Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). However, "(w)here a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Id.* In other words, because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default, there is rarely a likelihood that disputes of material fact exist. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

Here, Viral DRM filed a well-pleaded Amended Complaint alleging copyright infringement. (ECF 28). Navez has not challenged any of the Amended Complaint's allegations by answer, motion, or otherwise. (ECF 41). On August 8, 2024, the Clerk entered default against Navez, rendering the Amended Complaint's factual allegations true for purposes of this motion. (ECF 42). As such, there is no dispute between the parties regarding the material facts at issue in this case.

**5.    Navez's Neglect in Defaulting is Not Excusable.**

"A defendant's conduct in failing to respond may either be culpable or due to excusable neglect. A defendant's conduct is culpable if he received actual or constructive notice of the filing of the action and failed to answer." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (internal quotations omitted). Navez failed to appear in this action despite proper service, of the Amended Complaint, and thus has not "demonstrated a clear purpose to defend the suit." *Twentieth Century Fox Film Corp*, 438 F. Supp. 2d at 1074 n1.

Navez's failure to respond in any way to this action cannot be due to excusable neglect. Navez made no appearance whatsoever, nor has Navez made any effort even to argue excusable neglect for its disregard of Viral DRM's claim and the judicial process. As such, this factor weighs heavily in favor of default judgment.

**6.    Resolution on the Merits is Not Possible.**

While the seventh *Eitel* factor cautions that cases should be decided on their merits whenever possible, enacting Rule 55(b) indicates that this preference by itself is not dispositive. *See Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010). Where a defendant fails to respond to the plaintiff's claims after sufficient notice, the seventh *Eitel* factor does not preclude the entry of default judgment.

Here, Navez received notice of this lawsuit, which involves the intentional copying of Viral DRM's copyrighted Works for the purpose of advertising, marketing, and promoting its business. Navez made no effort to challenge the claim or to lift default. As such, the policy favoring resolution of cases on their merits does not outweigh the justifications for entry of a default judgment where Viral DRM attempted to fully inform Navez of this suit.

Application of the various *Eitel* factors to this case mandates the Court to exercise its discretion in ordering a default judgment against Navez.

### C.    VIRAL DRM IS ENTITLED TO AN AWARD OF MONETARY DAMAGES.

A successful copyright infringement plaintiff is entitled to choose whether they will seek an award of actual or statutory damages. 17 U.S.C. § 504(a). Viral DRM is entitled to an award of actual or statutory damages for Navez's infringement of its exclusive rights in the copyrighted Works, and enhancement of a statutory award based upon the willfulness of such infringement. Navez's refusal to participate in this case (and provide discovery) prevented Viral DRM from identifying the amount of profits related to Navez's infringing uses of Viral DRM's Works that are recoverable pursuant to 17 U.S.C. § 504(b) in addition to Viral DRM's actual losses. To establish Navez's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work". 17 U.S.C. § 504(b). Navez solely controls all information concerning her gross revenue related to her infringing uses of the Works, and her default has stymied Viral DRM's ability to present that evidence to the Court. Accordingly, Viral DRM seeks an award of statutory damages for Navez's willful infringement of its registered copyrighted Work.

#### 1.    Statutory Damages

In the alternative to an award of actual damages, Viral DRM seeks an award of statutory damages enhanced to $150,000.00 due to the willful nature of Navez's infringement. 17 U.S.C. § 504(c). A finding of willful copyright infringement can be "based on either 'intentional' behavior, or merely 'reckless' behavior.'" *Barboza v. New Form, Inc.*, 545 F.3d 702, 708 (9th Cir. 2008). As set forth above and as shown clearly in the Amended Complaint, Navez reproduced and publicly displayed the copyrighted Works on YouTube. (*See* ECF 28 ¶ 32). There can be no doubt that Navez was aware that it did not own the copyright in the Works, and further that it was not authorized by Viral DRM to display, distribute, or otherwise use the copyrighted Works. Such knowledge clearly indicates intentional or reckless infringement.

Moreover, Navez's decision not to defend against Viral DRM's claim demonstrates that her conduct was willful. *Autodesk*, 2011 U.S. Dist. LEXIS at *22 ("Willfulness may also be inferred or admitted based on a defendant's failure to defend."). Where a defendant defaulted, it is not necessary for the plaintiff to "prove-up" willfulness in order to obtain the maximum amount of statutory damages; so long as the plaintiff has pled that the defendant's acts of infringement were willful, the Court's default judgment will include an implied finding of willfulness sufficient to warrant the full $150,000 in statutory damages. *See Aries Music Entm't, Inc. v. Angelica's Record Distribs*, 506 Fed. Appx. 550, 552 (9th Cir. 2013); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1074 (C.D. Cal. 2004) (awarding maximum statutory damages of $150,000 for each act of willful infringement because infringement was "particularly egregious").

Viral DRM's request for statutory damages is reasonable. The defendant never sought a license to use Viral DRM's copyright works. (Clement Decl. ¶ 31). Nonetheless, Mr. Clement was able to calculate with reasonable certainty the amount that Viral DRM would have charged to license the video that the defendant used on their YouTube channel. *Id*. Mr. Clement then considered certain factors explained to me by my attorneys in order to arrive at a reasonable licensing fee to use as a basis for comparison against the statutory damages amounts below. *Id*. Viral DRM's works are all scarce and of the highest quality so Mr. Clement computed the licensing fees using 5x multipliers for both scarcity and quality factors. The amount of the reasonable licensing fee Mr. Clement arrived at was more than the statutory damages. (Clement Decl. ¶ 31); *see Leonard v. Stemtech Int'l, Inc.,* 834 F.3d 376, 394 (3d Cir. 2016) (affirming a jury verdict of $1.6 million where the sum included a three to five times the benchmark because of the scarcity factor); *see also Ermert v. STA Travel, Inc.*, 2:18-cv-10114-CJC-JPR, Pg. 6 (C.D. Cal. April 26, 2019) (recognizing scarcity value of a photograph in a copyright infringement lawsuit); *see also Harrington v. Equity Asset & Prop. Mgmt., Inc.*, 2020 U.S. Dist. LEXIS 6105, at *26 (S.D. Cal. January 13, 2020) (awarding a photographer $75,000 in statutory damages under the Copyright Act for infringement of a single image and awarding $23,661.72 in attorneys' fees).

As thoroughly explained in Mr. Clement's declaration, Mr. Clement has years of experience in this industry. His experience makes him the perfect candidate to explain the damage caused to

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

Viral DRM and its creators due to the on-going and widespread infringements by Navez in this case. (Clement Decl. ¶¶ 4-7).

Navez's intentional default deprives Viral DRM of an ability to take discovery of the actual revenue earned by Navez as a result of its infringing conduct, essentially depriving Viral DRM of an ability to accurately quantify and recover its actual damages and the profits to be disgorged under 17 U.S.C. § 504(b). In these circumstances, an award of statutory damages under 17 U.S.C. § 504(c)(2) is appropriate to accomplish full compensation to Viral DRM for the damages suffered and to create a disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than it can be held accountable for in actual damages.

>    **2.**    **Viral DRM is Entitled to an Award of Statutory Damages Pursuant to 17 U.S.C. § 1203**

At any time before final judgment is entered, a party may elect to recover an award for statutory damages for each violation of 17 U.S.C. § 1202 in the sum of not less than $2,500 or more than $25,000. 17 U.S.C. § 1203(c)(3). Viral DRM seeks $25,000.00 in statutory damages per each of The YouTube Uploader's violations, according to 17 U.S.C. § 1203(c)(3)(B). As set forth in the Declaration of Brandon Clement, Navez reproduced and publicly displayed the copyrighted works after removing Plaintiff's metadata and watermarks. (Clement Decl. ¶¶ 21, 28-29).

The removal of CMI prevents Viral DRM from being able to control who has access to the copyrighted works. The removal of CMI eliminates Viral DRM's right and ability to control the use and transmission of its copyrighted works. Navez removed CMI and posted the works on YouTube. Therefore, Viral DRM also requests total statutory damages of $25,000.00 for Navez's violation of the Digital Millennium Copyright Act. *See* 17 U.S.C. § 1203(c)(3)(B)).

>    **3.**    **Viral DRM is Entitled to an Award of Costs and Fees for Defendant Misrepresentations**

The Ninth Circuit has held that, "a plaintiff may seek recovery of nominal damages for an injury incurred as a result of a § 512(f) misrepresentation. *Stephanie Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1164 (9th Cir. 2016). "The DMCA is akin to a statutorily created intentional tort

whereby an individual may recover nominal damages for a 'knowingly material misrepresent[ation] under this section [512].'" *Id.* at 1165.

Viral DRM incurred costs and expenses as a result of these counternotices. Most significantly, Viral DRM incurred the expense of my time and the time of other employees who needed to review the defendant' YouTube videos and then submit the DMCA notices to get them removed. Viral DRM dedicates a team of people to this task. Viral DRM had to prepare extensive documentation to support our claims, submit the claims, follow up with the claims, inform our attorneys of our claims, and participate in litigation concerning those claims. Viral DRM determined that for each counternotice the cost of the time that Viral DRM employees must devote to this process is $2,500 per counternotice.

Therefore, Viral DRM requests damages in the amount of $2,500.00 for Navez's one bad faith, false and/or misleading counternotices.

### D.    VIRAL DRM IS ENTITLED TO PRE AND POST-JUDGMENT INTEREST

Viral DRM is entitled to pre and post-judgment interest for the total damage award, including its award of fees and costs. 28 U.S.C. § 1961; *see also Autodesk*, 2011 WL 337836 at *10 (awarding interest on "aggregate sum of statutory damages, attorney's fees, and costs awarded"); *see also Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004) ("It is not difficult to imagine a case involving undisputed copyright infringement—as is the case here—in which prejudgment interest may be necessary to discourage needless delay and compensate the copyright holder for the time it is deprived of lost profits or license fees"). The court can calculate pre-judgment interest starting on the date the infringement occurred. *See Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 964 (9th Cir. 2018).

At this time, Viral DRM is unable to compute pre-judgment interest as it does not have all the facts necessary to determine when each infringement began. At this time, Viral DRM will waive requesting pre-judgment interest, but reserves the right to seek an amendment of the judgment once it collects all the information necessary to determine when each infringement began. For the time being, Viral DRM requests post-judgment interest as detailed below.

The statute states that post-judgment interest shall be calculated as follows: "(s)uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The date of commencing the calculation of interest is the date entitling the plaintiff to its damage award, not the date the quantum of the award is calculated. *Mathis v. Spears*, 857 F.2d 749, 760 (Fed. Cir. 1988) ("(i)nterest on an attorney fee award… runs from the date of the judgment establishing the right to the award, not the date of the judgment establishing its quantum."). This policy "deters use of the appellate process by the judgment debtor solely as a means of prolonging its free use of money owed the judgment creditor." *Id.*

Accordingly, Viral DRM is entitled to interest calculated from the date this Court grants this motion. As of September 19, 2024, the interest rate is 3.93 percent. (Rollin Decl. ¶ 4, Ex. 2). Should the Court grant Viral DRM leave to furnish documentation supporting the quantum of its attorney fee award, Viral DRM will include updated documentation, if available, demonstrating the "1- year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System" as of the date of the Court's order granting default judgment.

**E.    VIRAL DRM IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF.**

Pursuant to 17 U.S.C. § 502, this Court has the authority to grant permanent injunctive relief "reasonable to prevent or restrain infringement of a copyright." *See Microsoft*, 2007 U.S. Dist. LEXIS 40898 at *9-10 (granting a permanent injunction under § 502(a)). A plaintiff seeking a permanent injunction must demonstrate the following:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

With regard to the first two factors, cases of "copyright . . . infringement are generally presumed to give rise to irreparable harm for which there is no adequate remedy at law." *Autodesk, Inc. v. Flores*, 2011 U.S. Dist. LEXIS at *19 (citing, among others, *Cadence Design Systems, Inc. v.*

*Avant! Corp.*, 125 F.3d 824, 826-27 (9th Cir. 1997) ("a presumption of irreparable injury arises if the plaintiff is able to show a likelihood of success on the merits of its copyright infringement claim."); *see also Antelope Media, LLC*, 2010 U.S. Dist. LEXIS 61736, at *5 (citing *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) ("As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations.").

The balance of hardships weighs in favor of Viral DRM because "an injunction would simply require (Defendant) to comply with the Copyright Act." *Autodesk*, 2011 U.S. Dist. LEXIS at *19. Here, Navez may again willfully infringe Viral DRM's copyrighted Works, including by displaying and distributing it on Navez's website. Navez's conduct leading to, and throughout, this lawsuit demonstrates that, without a permanent injunction, it may well continue to or again willfully infringe upon Viral DRM's copyright. As such, there is substantial evidence demonstrating the necessity of a permanent injunction.

Similarly, an injunction would serve the public interest by "'upholding' the rights that 'Congress has elected to grant . . . to the owner of a copyright in a protected work.'" *Id.* at *20 (quoting *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983)). Viral DRM is entitled to a permanent injunction, and accordingly requests the Court enter such an injunction as requested in the accompanying proposed order.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff VIRAL DRM LLC respectfully requests that this Court enter a default judgment against Defendant JUDITH LIDUVINA ALFARO NAVEZ and award to Plaintiff:

a.    statutory damages, pursuant to 17 U.S.C. § 504(c)(2), in the amount of $150,000.00 for willful infringement,

b.    statutory damages, pursuant to 17 U.S.C. § 1203 in the amount of $25,000.00 in statutory damages as to Navez's removal of copyright management information;

c.    damages for violation of 17 U.S.C. § 512 in the amount of $2,500.00 for providing false and/or misleading put-back information;

d.    post-judgment interest;

MEMORANDUM IN SUPPORT OF MOTION FOR FINAL DEFAULT                    CASE NO.: 3:23-CV-06598-JSC

e.    permanent injunctive relief; and

f.    any other relief that this Court deems just and proper.

DATED:  September 23, 2024                Respectfully submitted,


                                           */s/ Matthew L. Rollin*
                                           MATTHEW L. ROLLIN
                                           **SRIPLAW, P.A.**
                                           *Attorneys for Plaintiff Viral DRM LLC*

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK